1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JONATHAN CRAIG ELFAND,                    No. C 11-0863 WHA (PR)

          Plaintiff,                    **ORDER OF SERVICE**

   v.

SONOMA COUNTY MEN'S ADULT
DETENTION FACILITY,

         Defendants.
_____/

## INTRODUCTION

Plaintiff, an inmate at the Sonoma County Men's Adult Detention Facility ("MADF"),
filed this pro se civil rights action pursuant to 42 U.S.C. 1983.  He has been granted leave to
proceed in forma pauperis in a separate order.

## ANALYSIS

**A.**    **STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek
redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims
which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro
se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
(9th Cir. 1990).

**United States District Court**
For the Northern District of California

1    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

2    claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

3    statement need only" give the "defendant fair notice of what the . . . . claim is and the grounds

4    upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

5    Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a

6    plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than

7    labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

8    do. . . .   Factual allegations must be enough to raise a right to relief above the speculative

9    level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A

10   complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*

11   at 1986-87.

12    To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements:

13   (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

14   that the alleged deprivation was committed by a person acting under the color of state law.

15   *West v. Atkins*, 487 U.S. 42, 48 (1988).

16   **B.    LEGAL CLAIMS**

17    Plaintiff alleges that MADF is denying him access to various publications on the

18   grounds that they contain depictions of partial nudity and written descriptions of sexual

19   conduct.  He alleges that he has been denied every issue of GQ and Maxim that he has ordered,

20   and he has also been denied two issues of "Muscle and Fitness," one issue of "Robb Report,"

21   and one issue of "Wired."  When liberally construed, plaintiff's claim that defendant MADF

22   violated his First Amendment rights is cognizable.

23                              **CONCLUSION**

24    1.  The clerk shall issue summons and the United States Marshal shall serve, without

25   prepayment of fees, a copy of the complaint in this matter with all attachments thereto and a

26   copy of this order upon defendant **Sonoma County Men's Adult Detention Facility**.  A

27   courtesy copy of the complaint with its attachments and this order shall also be mailed to the

28   Sonoma County Counsel's office.

2

**United States District Court**
For the Northern District of California

2. In order to expedite the resolution of this case, the court orders as follows:

a. No later than ninety days from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.), *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

c. Defendants **shall** file a reply brief no later than fifteen days after the date of service of the opposition.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

4. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

6. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March __22__, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.11\ELFAND0863.SRV.wpd

United States District Court

For the Northern District of California

4

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE -- WARNING**

**(SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under  Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING**

**(EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

5