IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CRAIG ELFAND,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF SONOMA; SONOMA COUNTY SHERIFF-CORONER STEVE FREITAS,<br><br>    Defendants.<br>                                             / | No. C 11-0863 WHA (PR)<br><br>ORDER GRANTING IN PART MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; STRIKING DEFENDANT COGBILL<br><br>(Docket No. 19) |

        Plaintiff filed this pro se civil rights action under 42 U.S.C. 1983 against the Sonoma County Men's Adult Detention Facility ("MADF"). He has since been released from MADF and now resides in New Jersey. Following a review of plaintiff's complaint under 28 U.S.C. 1915(a), service was ordered upon MADF. The Sonoma County Counsel specially appeared on behalf of the Sonoma County Sheriff-Coroner ("Sheriff"), and filed a motion to dismiss. On March 13, 2012, the motion to dismiss was granted in part and denied in part, and certain claims were dismissed. In addition, pursuant to the plaintiff's request, current Sheriff Steve Freitas and the former Sheriff William Cogbill were added as defendants in place of MADF, which was stricken as a defendant because it is not a "person" subject to suit under Section 1983. The newly added defendants were ordered to file a motion for summary judgment within ninety days.

        Sonoma County Counsel has filed a motion for leave to file a motion for reconsideration and for clarification of the portion of the order of March 13 that adds Freitas and Cogbill as defendants. Counsel points out correctly that plaintiff requested that Sonoma County also be

added as a defendant, and that the order is not clear whether Freitas and Cogbill were added in their official or personal capacities. Counsel argues that Freitas and Cogbill need to be served with the summons and complaint. In addition, if they are sued in their personal capacities, they should have an opportunity to move to dismiss the complaint on the grounds of qualified immunity. Counsel indicates that if Freitas and Cogbill are sued in their official capacities, the County of Sonoma and Sheriff Freitas would make a general appearance and waive objection to service based upon the prior service of MADF, but that Cogbill should not be added as a defendant in his official capacity because he is no longer a public official. *See* Fed. R. Civ. P. 17(d).

Plaintiff did request to add the County of Sonoma as a defendant, and he did not specify whether he wanted to add Freitas and Cogbill in their official or personal capacities. Defendants' motion for leave to file a motion for reconsideration and for clarification (docket number 19) is **GRANTED IN PART**, as follows:

1. As County Counsel does not object to adding the County of Sonoma and Sheriff Freitas in his official capacity as defendants, and these defendants will make a general appearance, the County of Sonoma and Freitas in his official capacity are added as defendants, and Cogbill will be **STRICKEN** as a defendant.

2. Plaintiff may, **within 28 days** of the date this order is filed, file a motion to add Freitas or Cogbill in their personal capacities. He must include in such motion their <u>current, accurate locations so that they can be served</u>. If plaintiff files such a motion, the case will be stayed in order for the Marshal to serve them, and once they are served they will be afforded an opportunity to file a motion to dismiss. If plaintiff does not seek to sue Freitas or Cogbill in their personal capacities, this case will proceed against the County of Sonoma and Sheriff Freitas in his official capacity.

**IT IS SO ORDERED.**

Dated: April __4__, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.11\ELFAND0863.REC.wpd