IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CRAIG ELFAND,<br><br>Plaintiff,<br><br>v.<br><br>SONOMA COUNTY MEN'S ADULT DETENTION FACILITY,<br><br>Defendants.<br>_____ / | No. C 11-0863 WHA (PR)<br><br>**ORDER PROVIDING PLAINTIFF NOTICE AND WARNING; GRANTING EXTENSION OF TIME** |

Plaintiff, a former county jail inmate proceeding pro se, filed this civil rights action under 42 U.S.C. 1983. Defendants have filed a motion for summary judgment, and plaintiff has not filed an opposition. Pursuant to *Woods v. Carey*, No. 09-15548, slip op. 7871, 7884-85 (9th Cir. July 6, 2012), the following notices and warnings are provided to plaintiff for a second time.

Plaintiff must read the following "NOTICE -- WARNING (SUMMARY JUDGMENT)," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). To the extent defendants argue that plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. 1997e(a), plaintiff should also read the "NOTICE -- WARNING (EXHAUSTION)" which is provided to him pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003):

## NOTICE -- WARNING
## (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

## NOTICE -- WARNING
## (EXHAUSTION)

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

2

In light of the foregoing notice, plaintiff is granted an extension of time, to and including **August 1, 2012**, in which to file an opposition to defendants' motion. Defendants **shall** file a reply brief within **14 days** of the date any opposition is filed.

**IT IS SO ORDERED.**

Dated: July __9__, 2012.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.11\ELFAND0863.WOODSMSJ.wpd

3